UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LENUS LEDET, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:14-mc-1846 |
| § | |
| ACROSS USA MOVING, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Improper Venue and to Transfer. (Doc. No. 10.) Having considered the submissions of the parties and the relevant law, Defendant's Motion is **DENIED**.

**I.    The Forum Selection Clause**

Plaintiffs Lenus Ledet and Jennifer Hensel contracted with Defendant Across USA d/b/a Across USA Moving and Storage ("Across USA") to move their family's furniture and belongings from Houston, Texas, to Bowie, Maryland. (Amended Complaint, Doc. No. 12 at 6.) In connection with the move, Plaintiffs signed a number of documents provided to them by Defendant, including two contracts containing the following forum selection clause:

> If a lawsuit becomes necessary to resolve any dispute between the carrier and shipper, said suit shall and must only be brought in circuit or county court in and for Dallas County, Texas.  Suits involving disputed [sic] over interstate shipments must be limited to the governing federal law.  Both parties agree to submit themselves to the jurisdiction of the Texas Courts and agree given the relationship to the state, such exercise is reasonable and lawful.  Shipper consents to jurisdiction in Dallas County, Texas and hereby waives the right to be served within the State of Texas.

1

("Interstate Bill of Lading Contract and Order for Service," Doc. No. 15, Exhibit A; "Revised Written Estimate," Doc. No. 15, Exhibit B.)  Defendant argues that the forum selection clause must be given effect and the case dismissed because the clause mandates a non-federal forum.

## II.     Legal Standard

Although Defendant presents its Motion as a Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3), the Supreme Court has recently clarified that the "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 580 (2013).  Under the doctrine of *forum non conveniens*, the Court may decline to exercise jurisdiction "if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir.2001). "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

## III.    The Carmack Amednment

Plaintiffs argue that the answer to the Court's *forum non conveniens* inquiry lies in the venue provision of the Carmack Amendment, 49 U.S.C. §14706, *et seq.*, the federal law on which Plaintiffs base their claims.  Section 14706(d) of the Carmack Amendment provides that a civil action may be brought against a delivering carrier in a district court of the United States through which the carrier operates, and against a carrier responsible for loss in a judicial district in which the loss is alleged to have occurred. 49 U.S.C. § 14706(d)(1)-(2).  Plaintiffs argue that the Carmack Amendment's venue provision overrides the contracts' forum selection clause, making suit in this District proper.

Both the Second and Tenth Circuits have determined that the venue provision of the Carmack Amendment prohibits the enforcement of arbitration clauses. *Aaacon Auto Transport v. State Farm Mut. Auto. Ins.*, 537 F.2d 648 (2d Cir. 1976), *cert. denied*, 97 S.Ct. 742; *Aluminum Products Distributors, Inc. v. Aaacon Auto Transp., Inc.*, 549 F.2d 1381, 1384-85 (10th Cir. 1977). District courts in other circuits have also followed their lead, applying the logic of *Aacon* and *Aluminum Products* to forum selection clauses as well. *See, e.g.*, *Dabecca Natural Foods, Inc. v. RD Trucking, LLC*, No. 14 C 6100, 2015 WL 2444505, at *6 (N.D. Ill. May 20, 2015) (Carmack Amendment venue provision rendered forum selection clause unenforceable); *Travelers Prop. Cas. Co. of Am. v. Legacy Transp Servs., Inc.*, No. C 10-00505 JSW, 2010 WL 1463574, at *3 (N.D. Cal. Apr. 13, 2010) (refusing enforcement of a forum selection clause that selects a state court because the Carmack Amendment's venue provision preempts); *Kyodo U.S.A., Inc. v. Cosco N. Am. Inc.*, No. 01-CV-499, 2001 WL 1835158, at *3 (C.D. Cal. July 23, 2001) (Carmack Amendment prohibits enforcement of a forum selection clause and provides that suit may be brought against a carrier in a forum convenient to the shipper).

One district court in the Fifth Circuit has grappled with the enforcement of a forum selection clause in light of the Carmack Amendment and sided with the courts that have found such clauses unenforceable. In *Stewart v. Am. Van Lines*, No. 4:12CV394, 2014 WL 243509, (E.D. Tex. Jan. 21, 2014), Magistrate Judge Don Bush first noted that "[i]n general, venue statutes exist for two primary reasons: '(1) to lay venue in a place that has a logical connection with the parties to the litigation; and (2) to protect the defendant against the hardship of having to litigate in a distance place.'" *Id.* at *4 (quoting *Energy Res. Group, Inc. v. Energy Res. Corp.*, 297 F.Supp. 232, 234 (S.D.Tex.1969)). The Carmack Amendment "codifies 'the right of the shipper to sue the carrier in a convenient forum of the shipper's choice.'" *Id.* (quoting *Aaacon*

*Auto Transp., Inc.*, 537 F.2d at 654). The Court looked to the appellate and district court cases discussed above and found the forum selection clause at issue unenforceable, reasoning:

> In matters involving household shipments within the United States, however, Congressional intent as to venue overrides a forum-selection clause particularly where such is in reality only a matter of contract adhesion. The shipper has for all practical purposes little choice in the matter and if the shipper desires to move household goods, she is at the mercy of the carrier. Although the Court recognizes that there is no direct Fifth Circuit authority on this matter, the Court finds that the forum-selection clause is unenforceable in actions like this brought under the Carmack Amendment.

*Id.*

This Court will follow the lead of the Court in *Stewart*, and follow the Second and Tenth Circuits in finding that the Carmack Amendment "codifies 'the right of the shipper to sue the carrier in a convenient forum of the shipper's choice.'" *Id*. at *4 (quoting *Aaacon Auto Transp., Inc.*, 537 F.2d at 654).

### IV.    Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss for Improper Venue hereby is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of June, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE