United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENUS LEDET AND | § | |
| JENNIFER HENSEL, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | MISC. ACTION NO. H-14-1846 |
| | § | |
| ACROSS USA, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion for default judgment filed by Lenus Ledet and

Jennifer Hensel ("Plaintiffs") against Across USA, Inc. d/b/a Across USA Moving and

Storage ("Defendant"). (Docket Entry No. 64.) An order of default was entered against

Defendant on October 11, 2023. (Docket Entry No. 78.)

Having considered the motion and exhibits, the pleadings, the record, the testimony

and evidence presented by Plaintiffs and their counsel of record, Plaintiffs' post-trial

briefing, and the applicable law, the Court **GRANTS** the motion for default judgment for the

reasons explained below.

## I.  THE CARMACK AMENDMENT

Plaintiffs bring this lawsuit against Defendant for damages caused by Defendant's

violations of the Carmack Amendment.

Congress passed the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.

§ 14706 *et seq.*, intending that it "provide the exclusive cause of action for loss or damages

to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). The Carmack Amendment supersedes all state laws as to the rights and liabilities and exemptions created by covered transactions. Furthermore, in actions seeking damages for loss of property shipped in interstate commerce by a common carrier, the Carmack Amendment is the shipper's sole remedy.

The Carmack Amendment permits shippers to recover the actual amount of loss to the property shipped. *See* 49 U.S.C. § 11707(a)(1). A shipper is also entitled to recover against the carrier damages caused by unreasonable delay. 49 U.S.C. § 14706.

## II. PROCEDURAL BACKGROUND

### A.   Applicable Law

Federal Rule of Civil Procedure ("FRCP") 52(a)(1) provides that, "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions . . . may appear in an opinion or a memorandum of decision filed by the court." FED. R. CIV. P. 52(a)(1). In articulating findings of fact, FRCP 52(a) "exacts neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness." *Cent. Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998). Instead, the rule is satisfied where the findings present the reviewer with "a clear understanding of the basis for the decision." *Id.*

B.  Findings of Fact

1.  Plaintiffs filed this lawsuit against Defendant for the recovery of damages and other relief on August 6, 2014 (Docket Entry No. 8), and filed an amended complaint on October 5, 2014.  (Docket Entry No. 12.)

2.  Defendant was properly served with process on August 21, 2014 (Docket Entry No. 11), made an appearance through counsel of record, and filed a timely answer to the amended complaint on December 9, 2015.  (Docket Entry No. 31.)

3.  Counsel for Defendant was allowed to withdraw from representation on June 5, 2018, and the Court ordered Defendant to obtain new counsel of record within thirty days. (Docket Entry No. 50.)  To-date, Defendant has not obtained new counsel of record, has not appeared at any subsequent hearings set by the Court despite being sent timely notice at its address of record, and has taken no further action in this lawsuit.

4.  Following three continuances, Plaintiffs filed the pending motion for entry of default and default judgment on February 10, 2020, and served timely notice and a copy of the motion on Defendant at its address of record.  (Docket Entry No. 64.)  The notice and motion were returned by the United States Postal Service marked as undeliverable.  (Docket Entry No. 65.)  Defendant has not opposed the motion.

5.  Following intervening court closures due to COVID-19 and other scheduling issues, an evidentiary hearing before the Court by Zoom video was set for April 11, 2022. (Docket Entry No. 66.)  The notice of setting, timely sent to Defendant at its address of

record, was returned by the United States Postal Service marked as undeliverable. (Docket Entry No. 67.)

6.      An evidentiary hearing before the Court by Zoom video was held April 11, 2022. Plaintiffs appeared and presented credible testimony and other evidence. Counsel for Plaintiffs appeared at the evidentiary hearing, presented credible testimony and evidence as to attorney's fees, and presented argument of counsel. Defendant did not appear and presented no defense.

7.      The Court took the matter under advisement and ordered Plaintiffs to file proposed findings of fact and conclusions of law with briefing as to their right to damages under the Carmack Amendment. Plaintiffs filed a post-trial brief on June 1, 2022, with proposed findings of fact and conclusions of law as to damages under the Carmack Amendment. (Docket Entry No. 77.) No other proposed findings of fact and conclusions of law were submitted.

8.      An order of default was entered against Defendant on October 11, 2023. (Docket Entry No. 78.)

C.      Conclusions of Law

1.      This action was tried to the Court without a jury, and the Court is required to make findings of fact and conclusions of law pursuant to FRCP 52(a)(1).

2.      This Memorandum Opinion and Order constitutes the Court's findings of fact and conclusions of law in support of the order of default and a default judgment.

4

3.      Any finding of fact that should be a conclusion of law shall be deemed such, and any conclusion of law that should be a finding of fact shall be deemed such.

## III.  ORDER OF DEFAULT AND DEFAULT JUDGMENT

A.      Applicable Law

A three-step procedure is required in this circuit to obtain a default judgment: (1) default by the defendant; (2) entry of default; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Under FRCP 55, when a defendant has failed to plead or otherwise defend an action, the court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not a minor or incompetent person; and (3) the defendant is not in the military.  FED. R. CIV. P. 55(a), (b).

In exercising its discretion to enter a default judgment, the court must determine (1) whether a default judgment is procedurally warranted; (2) whether plaintiff's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, plaintiff should receive.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Vela v. M&G USA Corp.*, C.A. No. 2:17-cv-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). To determine whether a plaintiff has set forth sufficient facts establishing that it is entitled to relief, courts look to whether the well-pleaded factual allegations in the complaint establish a valid cause of action. *Lindsey*, 161 F.3d at 893.  The third factor requires a court

5

to award only the relief prayed for in the complaint, as required by FRCP 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). *Id.*

A defendant's default establishes only liability, not the amount of damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages will ordinarily not be awarded absent a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

To determine whether a default judgment is procedurally warranted, courts in this circuit consider six factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 893.

Deciding a motion for default judgment "begins, as it must, by examining the Court's jurisdiction." *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022) (cleaned up).

B.   Findings of Fact

1.   Plaintiffs' claims arise under the Carmack Amendment and the amount in controversy for the receipt, bill of lading, and/or damages to the Property exceeds $10,000.00, exclusive of interest and costs.

2.      Defendant was properly served with the summons and complaint on August 21, 2014, and made an appearance.

3.      Defendant is a Texas corporation doing business in Texas and is not a minor, an incompetent person, or in the military.

4.      Defendant failed to appear through counsel of record at all times after June 5, 2018, and has not appeared at any subsequent hearings set by the Court despite being sent timely notices to its address of record. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (holding that corporations may not appear *pro se* in federal court and must appear through counsel of record).

5.      Plaintiffs filed a motion for default judgment on February 10, 2020, and served timely notice and a copy of the motion on Defendant at its address of record. Defendant has not opposed the motion.

6.      Defendant was sent timely notice of the evidentiary hearing set for April 11, 2022, to its address of record. Defendant did not appear for the evidentiary hearing, and has not filed any post-trial motions.

C.      Conclusions of Law

1.      The Court has jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *See Kimmel v. Bekins Moving & Storage Co.*, 210 F. Supp. 2d 850, 852 (S.D. Tex. 2002) (explaining jurisdiction under the Carmack Amendment); 28 U.S.C. § 1337(a).

2.      Defendant failed to defend this lawsuit at all times after June 5, 2018, and defaulted.

3.      The Court has considered the six *Lindsey* factors and finds that there are no unresolved material issues of fact at this time; Defendant has not been and will not be substantially prejudiced by entry of default as it was provided adequate time and notice to appear and defend this case and did not do so after June 5, 2018; Plaintiffs will be substantially prejudiced, as Defendant's failures to appear and defend threaten to bring the adversary process to a halt; grounds for default are clearly established; nothing before this Court shows that Defendant's default was caused by a good faith mistake or excusable neglect; Plaintiffs seek only the relief to which they are entitled under the law, thus mitigating the harshness of a default judgment; in the alternative, the Court will deny any relief to which Plaintiffs are not entitled under the law, thus mitigating the harshness of a default judgment; and the Court is not aware of any facts giving rise to good cause to set aside a default judgment in this case if challenged by Defendant.

4.      There is a sufficient basis in the pleadings and record for the order of default entered on October 11, 2023 (Docket Entry No. 78) and for entry of a final default judgment in this case.

5.      All procedural requirements for an order of default were met.

6.      All procedural requirements for a default judgment have been met.

## IV.  VIOLATION OF THE CARMACK AMENDMENT

A.    <u>Findings of Fact</u>

1.    On or about May 1, 2014, Plaintiffs as shipper and Defendant as carrier entered into a written contract ("the Contract") for Defendant to move Plaintiffs' household goods ("the Property") from Houston, Texas, to Bowie, Maryland.  The Contract provided for the interstate transportation of the Property by Defendant, and included a binding guaranteed estimate of $2,709.17 for transportation services and placed an agreed value of the Property at $34,818.00.  Pursuant to the Contract, Plaintiffs paid to Defendant a $100.00 down payment with an additional $1,304.50 deposit and performed all conditions precedent to Defendant's duty to perform.

2.    At all times relevant to this lawsuit, Defendant was a Texas corporation doing business in the state of Texas and was a motor carrier providing transportation of household goods under US DOT License No. 1489126 and ICC MC License No. 560670.  At all times relevant to formation and performance of the Contract and their claims under the Carmack Amendment, Plaintiffs were individuals residing in Houston, Texas.

3.    The Contract provided for the interstate transportation of the Property by Defendant.

4.    Defendant did not provide Plaintiffs with a waiver of personal inspection for execution or provide Plaintiffs with a copy of the Federal Motor Carrier Safety

9

Administration's publication, "Rights and Responsibilities When You Move," nor was any link provided in Defendant's website where the publication was required to be located.

5.     Defendant failed to perform under the Contract, delayed its performance under the Contract, retained possession of Plaintiffs' Property, failed to transport and deliver Plaintiffs' Property across state lines pursuant to the Contract, failed to transport the Property with reasonable dispatch, improperly stored the Property, and refused to return possession of the Property to Plaintiffs.

6.     Defendant failed to provide Plaintiffs with a reasonable opportunity to choose between two or more levels of liability and did not issue a valid and enforceable final bill of lading prior to moving the Property.  Defendant further failed to provide a notice of its arbitration provisions and failed to provide the requisite publications required prior to loading the Property.

7.     As a result of Defendant's actions and/or inactions as found above, Defendant lost, damaged, and/or destroyed Plaintiffs' Property that Defendant contractually agreed was valued at $34,818.00.  Defendant further unlawfully failed to return or refund to Plaintiffs the contractual $100.00 down payment and $1,304.50 deposit.

B.     Conclusions of Law

1.     The Carmack Amendment applies to the Contract and governs Plaintiffs' claims and recovery in this lawsuit.

2. Defendant violated by Carmack Amendment by failing to perform under the Contract, unreasonably delaying its performance under the Contract, unlawfully retaining possession of Plaintiffs' Property, unlawfully failing to transport and deliver Plaintiffs' Property across state lines pursuant to the Contract, failing to transport the Property with reasonable dispatch, improperly storing the Property, and unlawfully refusing to return possession of the Property to Plaintiffs.

3. Defendant violated the Carmack Amendment by failing to provide Plaintiffs with a reasonable opportunity to choose between two or more levels of liability and did not issue a valid and enforceable final bill of lading prior to moving the Property. Defendant further failed to provide Plaintiffs a notice of its arbitration provisions and failed to provide Plaintiffs the requisite publications required prior to loading.

4. Plaintiffs incurred loss or damage to the Property as a result of Defendant's violations of the Carmack Amendment.

5. Plaintiffs are entitled to recover damages against Defendant as set forth in Section V, below.

## V. DAMAGES UNDER THE CARMACK AMENDMENT

A. <u>Applicable Law</u>

To establish a *prima facie* case for damage to goods as a result of interstate transportation by a common carrier, the shipper must demonstrate: (1) the goods were delivered to the shipper in good condition, (2) receipt by the consignee of less goods or

damaged goods, and (3) the amount of damages. *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996).

 B. <u>Findings of Fact</u>

 1. Plaintiffs present sufficient evidence to show that the Property was delivered to Defendant in good condition; that Plaintiffs did not receive the Property and/or received the Property in damaged condition; and the amount of their damages.

 2. Plaintiffs present sufficient evidence to show that they incurred the following damages due to Defendant's failures to perform, unreasonable delays, unlawful retention of the Property, improper storage of the Property, failure to dispatch, and refusal to return the Property:  (1) $1,404.50 representing the down payment and deposit paid to Defendant; (2) $34,818.00 for the value of Plaintiffs' Property that was lost, damaged, or destroyed by Defendant; and (3) reasonable travel costs and expenses in the amount of $3,005.46.

 C. <u>Conclusion of Law</u>

 Plaintiffs are entitled to recovery of damages from Defendant under the Carmack Amendment in the total amount of $39,227.96.

## VI. CLAIMS PREEMPTED BY CARMACK AMENDMENT

 A. <u>Applicable Law</u>

 The Carmack Amendment "supersedes all state laws as to the rights and liabilities and exemptions created by" covered transactions. *Id.* at 776. Furthermore, "in actions seeking damages for loss of property shipped in interstate commerce by a common carrier . . . the

Carmack Amendment is the shipper's sole remedy." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 379–82 (5th Cir. 1998); *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 484–85 (5th Cir. 1983). The Carmack Amendment preempts any common law claim that would increase carrier liability, "unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property." *Morris*, 144 F.3d 377, 382.

Under precedent of the United States Court of Appeals for the Fifth Circuit, the broad reach of the Carmack Amendment preempts all state law claims including claims for the tort of outrage; intentional and negligent infliction of emotional distress; breach of contract; breach of implied or express warranty; misrepresentation; fraud; negligence and gross negligence; and violation of the duties of a common carrier under state law. *Hoskins*, 343 F.3d at 777; *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993).

The Fifth Circuit Court of Appeals has deemed claims for conversion to be preempted by the Carmack Amendment, except in the very narrow circumstance where a carrier has intentionally converted the shipper's property for its own use. *Tran Enters., LLC v. DHL Express (USA) Inc.*, 627 F.3d 1004, 1009 (5th Cir. 2010).

Claims for recovery of attorney's fees under state law have been deemed preempted by the Carmack Amendment. *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996).

13

B.    Findings of Fact

1.    Plaintiffs allege in their amended complaint that they incurred medical expenses of $20,228.14 due to stress caused by Defendant's wrongful actions in this lawsuit. (Docket Entry No. 12.)

2.    Plaintiffs seek recovery of $20,228.14 as monetary damages for stress, mental anguish, and/or intentional infliction of emotional distress caused by Defendant.

3.    Plaintiffs allege in their amended complaint that Defendant converted the Property by refusing to return it and by placing the Property in storage beyond Plaintiffs' control or access. (Docket Entry No. 12.)

4.    Plaintiffs seek recovery of exemplary or punitive damages against Defendant for their conversion of the Property.

5.    Plaintiffs did not present credible, probative evidence that Defendant intentionally converted the Property for its own purposes or that Defendant's actions were wanton or malicious.

C.    Conclusions of Law

1.    Plaintiffs' claims for conversion and exemplary or punitive damages are preempted by the Carmack Amendment. *See Tran Enterprises, LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1009–10 (5th Cir. 2010) (discussing distinction between wrongful conversion and intentional conversion for preemptive purposes under the Carmack Amendment).

14

2.    Plaintiffs' claims for monetary damages for stress, mental anguish, and intentional infliction of emotional distress (Docket Entry No. 64, p. 25) are preempted by the Carmack Amendment. *See Hoskins*, 343 F.3d at 777.

3.    Plaintiffs are not entitled to recover from Defendant medical expenses of $20,228.14 for stress and mental anguish or monetary damages for intentional infliction of emotional distress. *Id.*

4.    Plaintiffs are not entitled to recover exemplary or punitive damages.

5.    Plaintiffs are not entitled to recover attorney's fees under state law.

## VII.   ATTORNEY'S FEES

A.    <u>Applicable Law</u>

Claims for recovery of attorney's fees under state law are preempted by the Carmack Amendment where the action is for claims arising from the interstate transportation of goods. *Accura Sys., Inc.*, 98 F.3d at 876–77.

However, the Carmack Amendment authorizes recovery of attorney's fees under limited circumstances when "household goods" are at issue. Under 49 U.S.C. § 14708(a),

> As a condition of registration under section 13902 or 13903, a carrier providing transportation of household goods subject to jurisdiction under subchapter I or III of chapter 135 must agree to offer in accordance with this section to shippers of household goods arbitration as a means of settling disputes between such carriers and shippers of household goods concerning damage or loss to the household goods transported and to determine whether carrier charges, in addition to those collected at delivery, must be paid by shippers for transportation and services related to transportation of household goods.

15

49 U.S.C. § 14708(a).

Under 49 U.S.C. § 14708(d),

> In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if–

> (1)   the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;

> (2)   the shipper prevails in such court action; and

> (3)   (A)   the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute; [and]

>        (B)   a decision resolving the dispute was not rendered through arbitration under this section[.]

49 U.S.C. § 14708(d).  Thus, reasonable attorney's fees can be recovered against a carrier of household goods under section 14708(d) if the carrier did not advise the shipper during the claim settlement process that a dispute settlement program was available.

The preferred method for determining reasonable attorney's fees is calculation of the lodestar figure; that is, the product of the number of hours reasonably spent on the litigation and a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *League of United Latin Am. Citizens No. 4552 (LULAC). Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The party seeking attorney's fees has the burden of establishing the number of hours expended by presenting adequate time records as evidence. *See Watkins v.*

16

*Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court should exclude from this any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.*

Similarly, the applicant has the burden of proving that the requested hourly rate is reasonable. Reasonable hourly rates are calculated "according to the prevailing market rates in the relevant community." *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011). "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. *When that rate is not contested, it is prima facie reasonable.*" *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (quoting reference omitted, emphasis added).

B.  <u>Findings of Fact</u>

1.  Plaintiffs allege and present sufficient evidence that Defendant, as a carrier providing transportation of household goods, was registered under section 13902 or section 13903 of the Carmack Amendment. and was required to comply with section 14708(a).

2.      In their amended complaint, Plaintiffs allege that the Property was loaded into Defendant's moving truck at some point on the moving day.[1]  The Contract set forth the first available delivery date as July 8, 2014.  (Docket Entry No. 2-1.)  The record shows that Plaintiffs sought a temporary restraining order against Defendant on July 29, 2014, for Defendant's refusal to transport or return the Property to Plaintiffs, and that Plaintiffs filed the instant lawsuit on August 6, 2014, well within the 120-day requirement set forth in 49 U.S.C. § 14708(d).  The parties did not proceeded to arbitration and no arbitration decision was rendered as to the parties' dispute.

3.      Plaintiffs allege, and present sufficient evidence establishing, that they submitted their claim to Defendant within 120 days of the date the delivery was scheduled; that Defendant failed to advise Plaintiffs as shippers during the claim settlement process that a dispute settlement program was available to resolve the dispute; and that a decision resolving the dispute was not rendered through arbitration.  Defendants present no evidence to the contrary.

4.      In their amended complaint, Plaintiffs seek recovery of reasonable attorney's fees from Defendant pursuant to 49 U.S.C. § 14708(d).  (Docket Entry No. 12.)

---

[1]Neither the amended complaint nor the Plaintiffs' affidavits disclose the actual date this event occurred.  For instance, Lenus Ledet states in his affidavit that the move was scheduled for June 27, 2014, and that the movers arrived "more than a day and a half late" at "4:00 PM CST." (Docket Entry No. 2-1.)  The Court finds this to mean that the movers began loading the Property into their truck at some point late afternoon or early evening on June 28, 2014.

5.      Plaintiffs seek recovery of $35,117.00 as reasonable attorney's fees in this lawsuit. (Docket Entry No. 64-17.) Counsel of record testified through affidavits and at the evidentiary hearing, and submitted copies of invoices she submitted to Plaintiffs which set forth the number of hours, services provided, and identification of the individual providing each service. *Id.* Counsel testified that she is familiar with the reasonable attorney's fees charged in Harris County, Texas, for the same or similar work that she performed in connection with this matter. She further testified that her current billing rate is comparable to those charged by other attorneys and paralegals that have similar education, training, and experience, and that her billing rate is $400.00 per hour, the billing rate of her associates is $250.00 per hours, and the billing rate for her paralegals and law clerks is $150.00 per hour.

6.      Plaintiffs, through counsel of record's testimony, affidavits, and billing records, have shown the total number of hours billed by Lynne Marie Jurek, associate attorneys, and paralegals/law clerks for services rendered in this action. (Docket Entry No. 64-17.)

7.      Counsel's billing records reflect actual hourly billing rates of $250.00–$400.00 for Jurek; $200.00–$275.00 for associates; and $125.00–$175.00 for paralegals/law clerks. (Docket Entry No. 64–17.)

8.      Counsel's billing records reflect the following hours of service at the following hourly rates as the lodestar figure:

11.0   hours @ $400.00   =   $  4,400.00

50.5   hours @ $350.00   =   $ 17,675.00

| 0.2 | hours @ $275.00 | = | $ | 55.00 |
|---|---|---|---|---|
| 23.7 | hours @ $250.00 | = | $ | 5,925.00 |
| 17.0 | hours @ $200.00 | = | $ | 3,400.00 |
| 1.5 | hours @ $175.00 | = | $ | 262.50 |
| 13.8 | hours @ $150.00 | = | $ | 2,070.00 |
| 3.1 | hours @ $125.00 | = | $ | 387.50 |
| | | TOTAL: | $ | 34,175.00 |

C.    Conclusions of Law

1.    This lawsuit is a court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier.

2.    Plaintiffs as a shipper of household goods has prevailed in this lawsuit against Defendant as a carrier providing transportation or services subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier.

3.    Defendant, as a carrier providing transportation of household goods, was registered under section 13902 and/or section 13903 of the Carmack Amendment and was required to comply with section 14708(a) in providing carrier services to Plaintiffs in this action.

4.      Defendant, as a carrier providing transportation of household goods and registered under section 13902 and/or section 13903 of the Carmack Amendment, failed to comply with section 14708(a) in providing carrier services to Plaintiffs in this action.

5.      Plaintiffs are entitled to recover reasonable attorney's fees against Defendant pursuant to 49 U.S.C. § 14708(d).

6.      Defendant has not contested the reasonableness of the billing rates and hours submitted by Plaintiffs and counsel of record, and the rates and hours are reasonable.

7.      The total amount of attorney's fees requested by Plaintiffs ($35,117.00) includes expenses.  (Docket Entry No. 64-17.)   Plaintiffs are not entitled to recovery of expenses as attorney's fees under section 14708(d), and the Court has subtracted the expenses.  Pursuant to the lodestar method of calculation, Plaintiffs are entitled to recovery of reasonable attorney's fees from Defendant in an amount of $34,175.00.

8.      Plaintiffs seek recovery of an additional $30,000.00 as reasonable attorney's fees for services that may be rendered in the future should this case be appealed.  Plaintiffs provide no supporting authority that would allow this Court to grant them recovery of potential future attorney's fees under 49 U.S.C. § 14708(d).

9.      Plaintiffs are not entitled to recovery of potential future attorney's fees under 49 U.S.C. § 14708(d), as the number of hours that may be incurred and billed in the future, if any, cannot be determined or found reasonable at this time.

## VIII.   PREJUDGMENT INTEREST

A.    <u>Findings of Fact</u>

1.    In their amended complaint, Plaintiffs plead for recovery of prejudgment interest against Defendant at the highest legal rate.  (Docket Entry No. 12.)

2.    Plaintiffs do not plead a right to prejudgment interest pursuant to any provision in the Contract.

3.    Plaintiffs do not plead a right to prejudgment interest pursuant to any applicable statutory authority.

B.    <u>Conclusions of Law</u>

1.    The Carmack Amendment does not forbid the award of prejudgment interest. 49 U.S.C. § 14706.

2.    There is no generally applicable federal statute governing prejudgment interest.

3.    Under established and applicable precedent of this circuit, prejudgment interest for Texas judgments, including an equitable award of prejudgment interest, is calculated in accordance with chapter 304 of the Texas Finance Code. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 414–15 (5th Cir. 2011) (citing *Johnson & Higgins of Tex, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530–33 (Tex. 1998)).

4.    Under chapter 304 of the Texas Finance Code, "[t]he prejudgment interest rate is equal to the postjudgment interest rate applicable at the time of judgment." *Tex. Fin. Code* § 304.103.

5.      The Texas Office of Consumer Credit Commissioner reported a postjudgment interest rate of 8.50% applicable for May 1, 2024, through May 31, 2024.[2]

6.      The applicable rate of prejudgment interest in this action is 8.50%.

7.      Under chapter 304 of the Texas Finance Code, prejudgment interest accrues as simple interest on the amount of a judgment, beginning on the earlier of the 180th day after written notice of the claim or the date suit is filed and ending on the day preceding the date judgment is rendered.

8.      Prejudgment interest accrues in this case as simple interest on the amount of judgment ($39,227.96), beginning on the date suit was filed (August 6, 2014) and ending on the day preceding the date default judgment is rendered herein.

9.      Plaintiffs are entitled to recovery of prejudgment interest at the rate of 8.50% on the amount of $39,227.96 from August 6, 2014, until the date preceding the date a final default judgment is entered in this case.

## IX.  POSTJUDGMENT INTEREST

A.     <u>Applicable Law</u>

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  Postjudgment interest is calculated from the date of the entry of the judgment, shall be computed daily to the date of payment, and shall be compounded annually. 28 U.S.C. § 1961(a), (b).

---

[2]*See* https://occc.texas.gov/sites/default/files/2024-04/04-17-2024.pdf.

B.    Findings of Fact

1.    In their amended complaint, Plaintiffs plead for recovery of postjudgment interest against Defendant at the highest legal rate.  (Docket Entry No. 12.)

2.    The current federal rate for postjudgment interest is 5.19%.[3]

C.    Conclusion of Law

Plaintiffs are entitled to postjudgment interest at the rate of 5.19%, calculated from the date of entry of judgment, computed daily to the date of payment, and compounded annually.

## X.  COSTS OF COURT

A.    Applicable Law

A prevailing party is entitled to recover taxable costs unless a federal statute, a federal rule, or the Court provides differently.  FED. R. CIV. P. 54(d)(1).  There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).  Taxable court costs include (1) fees paid to the clerk and marshal; (2) court reporter fees for deposition transcripts; (3) witness fees and related expenses; (4) printing fees; and (5) fees for copies of papers necessarily obtained for the case.  28 U.S.C. § 1920.

B.    Findings of Fact

1.    Plaintiffs request recovery of their costs of court in their amended complaint.

---

[3] *See* https://www.txs.uscourts.gov/page/post-judgment-interest-rates-2024 (last visited May 8, 2024).

(Docket Entry No. 12.)

      2.      Plaintiffs are the prevailing party in this lawsuit.

      3.      Taxable court costs applicable to this case include (1) fees paid to the clerk and marshal; (2) court reporter fees for deposition transcripts; (3) witness fees and related expenses; (4) printing fees; and (5) fees for copies of papers necessarily obtained for the case.

      B.      <u>Conclusions of Law</u>

      1.      No federal statute or rule provides that Plaintiffs may not recover their costs in this case.

      2.      Plaintiffs are entitled to recover taxable costs of court under Rule 54(d)(1) as the prevailing party in this lawsuit.

## XI.  CONCLUSION

Plaintiffs' motion for default judgment against Defendant (Docket Entry No. 64) is **GRANTED**.

Plaintiffs are **ORDERED** to file a proposed final default judgment consistent with the Court's Findings of Fact and Conclusions of Law within **THIRTY DAYS** from date of this Memorandum Opinion and Order.

Signed at Houston, Texas, on this the ___ day of May, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE